FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 30 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

JAMES DEFOOR,
     PLAINTIFF,

v.

FINANCIAL CREDIT SERVICES, INC.,
d/b/a ARA, INC. and d/b/a ASSET RECOVERY
ASSOCIATES, and
BRUCE COHEN
     DEFENDANTS

Case No. 4:17 cv 706-JLH

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Ray_

## COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") by Financial Credit Services, Inc. d/b/a ARA, Inc. and Asset Recovery Associates ("ARA") and Bruce Cohen ("Cohen").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

4. Plaintiff James Defoor ("Plaintiff") is a natural person, who at all relevant times resided in Perry County, Arkansas.

5. ARA is an Illinois corporation with principal offices situated at Lombard, Illinois, according to its most recent filing with the Illinois Secretary of State.

6. Bruce Cohen is a natural person and the President of ARA.

## FACTUAL ALLEGATIONS

7. Plaintiff was allegedly obligated on an old credit card account ("Account"). The Account was used to purchase various personal effects, but was never used for business purposes.

8. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

9. The Account defaulted in approximately 1999, or thereabout.

10. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. The principal purpose of ARA is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

13. ARA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. ARA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Cohen actively manages ARA and directs the policies of the company.

16. At all times relevant hereto, Cohen directed the employees and agents of ARA to act in the manner they acted as described below when attempting collections from Plaintiff.

2

17. Cohen regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Cohen uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

18. Cohen is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

19. During the one year prior to the date of the filing of this Complaint, on approximately July 5, 2017, ARA and/or representative(s), employee(s) and/or agent(s) of ARA used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

20. ARA told Plaintiff that his wages would be garnished on Friday July 7, 2017, if the Account was not paid immediately.

21. ARA also told Plaintiff that it would sue Plaintiff on the Account.

22. Because Plaintiff had not yet been sued on the Account, they could not garnish his wages as threatened.

23. Because of the old age of the Account, ARA could not sue Plaintiff on the Account as threatened.

24. The threats to sue and to garnish Plaintiff's wages were false and deceptive statements.

25. In order to avoid the impending lawsuits and garnishment, Plaintiff paid ARA $200.

26. Plaintiff further asked that ARA only communicate with him via written correspondence, thus informing them that telephone communications were inconvenient.

27. Despite this request, ARA called Plaintiff at least four more times.

28. Plaintiff never received anything from ARA in the mail.

29. ARA never informed Plaintiff of his rights to dispute the debt nor did it provide any of the other notices required by 15 U.S.C. § 1692g.

30. All of the conduct by ARA described above was done knowingly and willfully.

31. Cohen instructed the employees of ARA to act in the manner they did when attempting to collect from Plaintiff.

32. Cohen knew that the conduct of ARA toward Plaintiff was illegal, yet he instructed it or knowingly allowed it anyway.

33. ARA's purpose for all of the communications with Plaintiff described above was to attempt to collect the Account.

34. Each telephone call individually conveyed information regarding the account directly or indirectly to Plaintiff.

35. The telephone call(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

36. The only reason that ARA and/or representative(s), employee(s) and/or agent(s) of ARA made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

37. The conduct of ARA as described above was done knowingly and willfully and purposefully.

38. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

39. The representative(s) and/or collector(s) at ARA were employee(s) and/or agent(s) of ARA at all times mentioned herein.

4

40. The representative(s) and/or collector(s) at ARA were acting within the course and/or scope of their employment at all times mentioned herein.

41. The representative(s) and/or collector(s) at ARA were under the direct supervision and/or control of ARA at all times mentioned herein.

42. The actions of the representative(s) and/or collector(s) at ARA are imputed to their employer, ARA.

43. Cohen exerted influence and control over ARA, via ownership, and directed ARA and ARA's employees and agents to act in the ways described above when ARA attempted its collections from Plaintiff.

44. Cohen is liable to Plaintiff for the violations of ARA and ARA's employees and agents.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY FINANCIAL CREDIT SERVICES, INC.

45. The previous paragraphs are incorporated into this Count as if set forth in full.

46. The act(s) and omission(s) of ARA and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

47. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from ARA.

### COUNT II:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY BRUCE COHEN

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of Cohen and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692e(2)&(4)&(5)&(7)& (8)&(10)&(11) and § 1692g.

50. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Cohen.

## JURY TRIAL DEMAND

51. Plaintiffs are entitled to and hereby demand a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

52. Judgment in favor of Plaintiff and against ARA as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Such other and further relief as the Court deems just and proper.

53. Judgment in favor of Plaintiff and against Cohen as follows:

   e. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   f. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   g. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   h. Such other and further relief as the Court deems just and proper.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Respectfully submitted,

Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682)651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com